UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CIV 4447

------------------------------------------------------------x

MARK VACIRCA and,
ALBERT CELENTANO,

    Plaintiffs,

     - vs. -

LICIA A. ALBANESE,

    Defendant.

------------------------------------------------------------x

Civil Action No. _____

**COMPLAINT**

**Jury Trial Demanded**

RECEIVED
JUN 6 2012
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiffs Mark Vacirca and Albert Celentano ("Plaintiffs"), by and through their undersigned counsel, hereby allege for their Complaint against Defendant Licia A. Albanese ("Defendant"), as follows:

## NATURE OF THE CASE

      1.     This is an action in diversity to recover damages arising out of Defendant's intentional and wanton violation of Connecticut law that prohibits the recording of telephone conversations without the consent of all parties to those conversations.

      2.     Connecticut General Statute § 52-570d provides both victims of this conduct, the Plaintiffs herein, with a private right of action for damages, as well as for the recovery of attorney's fees and costs.  Additionally, the kind of conduct engaged in by Defendant may be criminal as well, pursuant to Connecticut General Statute §§ 53a-187, 53a-189, which makes eavesdropping a Class D Felony.

      3.     Defendant committed these violations of Conn. Gen. Stat. § 52-570d in furtherance of an effort to create evidence to justify a meritless employment discrimination lawsuit previously filed in this Court.  By virtue of this illegal conduct, Defendant has caused significant damage to both Plaintiffs, who together seek their just compensation before this Court.

## THE PARTIES

4. Plaintiff Mark Vacirca resides at 200 Candlewood Lake Road, Brookfield, Connecticut 06804.

5. Plaintiff Albert Celentano resides at 172 North Lake Shore Drive, Brookfield, Connecticut 06804.

6. Defendant Licia A. Albanese resides at 976 Mile Square Road, Yonkers, New York 10704.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over both Plaintiffs' claims under Connecticut statutory law against Defendant pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between Plaintiffs and Defendant.

8. Venue in this District is proper with respect to Plaintiffs' claims because the Defendant resides in this District.

## FACTUAL BACKGROUND

**The Employment Action**

9. Defendant was employed as controller, payroll manager and human resources manager at Environmental Maintenance Solutions, Inc. ("EMS") from in or about February 2007 to in or about July 2010.   Plaintiff Mark Vacirca owns EMS and is its President.

10. Plaintiff Albert Celentano is the step-father of Plaintiff Vacirca.   Plaintiff Celentano previously worked as the general manager of EMS at a time when Defendant also was employed there.

11. In or about July 2010, EMS terminated Defendant from her employment for legitimate, non-discriminatory reasons.

12.      Nevertheless, on or about April 21, 2011, Defendant commenced an action in this Court against EMS and Plaintiff Vacirca alleging, *inter alia,* causes of action pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12111, *et seq. Albanese v. Environmental Maintenance Solutions, Inc. & Mark Vacirca*, No. 11-CV-02722 (ER) (the "Employment Action").

13.      The law firm of Tuckner, Sipser, Weinstock and Sipser, LLP represents Defendant in the Employment Action.  Jack Tuckner, Esq. and William Sipser, Esq. are the principal attorneys handling the Employment Action.

**Retention of and Consultation With Defendant's Employment Counsel**

14.      On May 29, 2012, and May 30, 2012, Defendant was deposed in the Employment Action.  Defendant was represented by attorney Jack Tuckner at both days of her deposition.  Among other things, Defendant testified at her deposition that she had consulted with her counsel at least as early as February 25, 2010, with respect to the Employment Action.

15.      Additionally, Defendant alleged in the Employment Action that she "overnighted a formal protected complaint letter to Vacirca on or about February 24, 2010" (the "February 24, 2010 Letter").  Upon information and belief, Defendant had retained Tuckner, Sipser, Weinstock and Sipser, LLP to assist in the preparation of, and/or advice concerning, the February 24, 2010 Letter.

**The Illegal Recordings of Phone Conversations**

16.      Pursuant to discovery requests issued in the Employment Action, Defendant produced in that lawsuit tape recordings she made of telephone and in-person conversations she had with Plaintiff Vacirca, Plaintiff Celentano, and another employee of EMS.

17.     Upon information and belief, the recordings appear to have been made beginning in early June 2010 – *at least three months after Defendant first retained Tuckner, Sipser, Weinstock and Sipser, LLP* -- and made for the continuous period through at least as late as January 2011.

18.     Upon information and belief, the recordings were for the sole purpose of creating purported evidence to justify the Employment Action, which is without merit.

19.     According to the tape recordings produced by Defendant in the Employment Action, Defendant recorded a phone conversation she had with Plaintiff Vacirca on or about June 15, 2010, at approximately 8:36 a.m. (the "June 15 Recording").  The recording is approximately six minutes long.

20.     Plaintiff Vacirca was physically present in Brookfield, Connecticut during the entirety of the June 15 Recording.

21.     Defendant made this recording secretly, without the knowledge or consent of Plaintiff Vacirca, and without a notification or warning device.  Defendant concealed and kept secret the June 15 Recording until compelled to disclose its existence during discovery in the Employment Action.

22.     According to the tape recordings produced by Defendant in the Employment Action, Defendant recorded another phone conversation she had with Plaintiff Vacirca on or about July 7, 2010, at approximately 8:35 a.m. (the "July 7 Recording").  The recording is approximately six and a half minutes long.

23.     Plaintiff Vacirca was physically present in Brookfield, Connecticut during the entirety of the July 7 Recording.

24.     Defendant made this recording secretly, without the knowledge or consent of Plaintiff Vacirca, and without a notification or warning device.  Defendant concealed and kept secret the July 7 Recording until compelled to disclose its existence during discovery in the Employment Action.

25.     According to the tape recordings produced by Defendant in the Employment Action, Defendant recorded a phone conversation she had with Plaintiff Celentano on or about December 14, 2010, at approximately 7:45 p.m. (the "December 14 Recording").  The recording is approximately 22 minutes long.

26.     Plaintiff Celentano was physically present in Brookfield, Connecticut during the entirety of the December 14 Recording.   Towards the beginning of the call, Plaintiff Celentano said that their conversation was "off the record" and "just between me and you."

27.     During this conversation Defendant made a number of references to "her attorney," including, but not limited to, telling Plaintiff Celentano that Plaintiff Vacirca should "look at this and call [Defendant's] lawyer" – referring, upon information and belief, to Tuckner, Sipser, Weinstock and Sipser, LLP.

28.     Defendant made this recording secretly, without the knowledge or consent of Plaintiff Celentano, and without a notification or warning device.  Defendant concealed and kept secret the December 14 Recording until compelled to disclose its existence during discovery in the Employment Action.

29.     Among others, Defendant made the June 10, July 7 and December 14 Recordings with the purpose and intent of creating purported evidence to justify the Employment Action.

5

30. By virtue of having to defend Defendant's meritless Employment Action, Plaintiff Vacirca has had to expend more than $75,000 in attorney's fees and related litigation costs.

31. By virtue of the aforementioned conduct, both Plaintiff Vacirca and Plaintiff Celentano have suffered mental, emotional and/or physical pain, suffering, distress and damage, amounting to just compensation for each that exceeds $75,000.

## FIRST CAUSE OF ACTION
(Violation of Connecticut General Statute § 52-570d as to Plaintiff Vacirca)

32. Plaintiffs hereby reallage Paragraphs 1 through 31 as if fully set forth herein.

33. By virtue of the aforementioned conduct, Defendant has violated Conn. Gen. Stat. § 52-570d by, *inter alia*, making recordings secretly, without the knowledge or consent of Plaintiff Vacirca, and without a notification or warning device.

34. By virtue of the aforementioned conduct, Plaintiff Vacirca has suffered damage in an amount to be determined at trial, but which exceeds the amount of $75,000, exclusive of interest and costs.

## SECOND CAUSE OF ACTION
(Violation of Connecticut General Statute § 52-570d as to Plaintiff Celentano)

35. Plaintiffs hereby reallage Paragraphs 1 through 31 as if fully set forth herein.

36. By virtue of the aforementioned conduct, Defendant has violated Conn. Gen. Stat. § 52-570d by, *inter alia*, making recordings secretly, without the knowledge or consent of Plaintiff Celentano, and without a notification or warning device.

37. By virtue of the aforementioned conduct, Plaintiff Celentano has suffered damage in an amount to be determined at trial, but which exceeds the amount of $75,000, exclusive of interest and costs.

## ALLEGATIONS CONCERNING THE
## WANTONESS OF DEFENDANTS' CONDUCT

38.     Plaintiffs repeat and re-allege the allegations of Paragraphs 1 through 37 as if fully set forth herein.

39.     The conduct of Defendant as alleged herein is intentional, outrageous, and exhibits a high degree of moral culpability. Defendant's conduct constitutes a criminal offense under, *inter alia*, the statutory laws of the State of Connecticut.  Defendant has demonstrated such wanton dishonesty and fraudulent motive as to imply a criminal indifference to civil obligations for which very substantial punitive damages are appropriate.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as set forth above and for the following relief:

(i)     ordering Defendant to pay each Plaintiff's actual and compensatory damages;

(ii)    ordering Defendant to pay each Plaintiff's attorneys fees and costs, pursuant to Conn. Gen. Stat. 52-570d(c);

(iii)   ordering Defendant to pay punitive and exemplary damages in the maximum amount permitted by law;

(iv)    ordering Defendant to pay to Plaintiffs pre- and post-judgment interest; and

(v)     ordering such other and further relief as this Court deems just and proper.


## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  June 7, 2012
New York, New York

Respectfully submitted,

LAW OFFICES OF MATTHEW L.
LEVINE, PLLC

By: _____
          Matthew L. Levine (ML-6247)
565 Fifth Avenue, 7th Floor
New York, NY 10017
Tel:  (212) 880-9517
Fax: (888-239-0120)
matt@matthewlevinelaw.com

*Attorneys for Plaintiffs Mark Vacirca and Albert Celentano*

8